**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIET DAVIDIAN, | No. 12-71966 |
| Petitioner, | Agency No. A075-668-742 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

On January 29, 2015, the court granted the government's unopposed motion
to hold proceedings in abeyance, and subsequently granted two continuances of the
abeyance. On October 29, 2015, the government informed the court that Juliet
Davidian, a native of Iran and a citizen of Armenia, is not a candidate for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

prosecutorial discretion, and requested that this case move forward.  The abeyance is hereby lifted.

Davidian petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen and review de novo constitutional claims.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny the petition for review.

The BIA did not abuse its discretion in denying Davidian's second motion to reopen as time- and number-barred, where Davidian filed the motion more than four years after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and has still not shown the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679-80 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing motion to reopen due to deception, fraud or error, as long as petitioner exercises due diligence in discovering such circumstances).

Davidian's contention that the BIA failed to consider all relevant evidence is not supported by the record.  *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (the BIA is not required to "discuss each piece of evidence submitted").

12-71966

Because the BIA committed no error in denying Davidian's motion to reopen, it follows that the BIA did not violate her due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

**PETITION FOR REVIEW DENIED.**